IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAIME COVARRUBIAS | § | |
| v. | § | CIVIL ACTION NO. 6:13cv812 |
| TODD FOXWORTH, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON DEFENDANT WARDEN BERGER'S MOTION FOR SUMMARY JUDGMENT
AND ORDER OF SEVERANCE AND FINAL JUDGMENT

The Plaintiff Jaime Covarrubias, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The remaining Defendants in the case are Warden Larry Berger, Warden Todd Foxworth, and former Officer Brenda Mapps. This Memorandum Opinion concerns the motion for summary judgment filed by the Defendant Warden Berger.

**I. Background**

The remaining claims in the lawsuit are an unlawful strip search by Officer Mapps, unlawful sleep deprivation, and exposure to excessive heat. Warden Berger, the defendant identified for the heat claim, filed a motion for summary judgment arguing that Covarrubias failed to exhaust his administrative remedies on this claim.

The summary judgment evidence showed that Covarrubias filed a grievance, which received no. 2013210333, complaining that for many months he had been subjected to excessive heat, but the grievance was rejected as untimely. He also filed grievance no. 2013172973, complaining of exposure to heat, but he did not receive a response to the Step Two appeal of this grievance until after the lawsuit was filed. In grievance no. 2013206806, Covarrubias raised 16 different issues,

1

including heat exposure, but in accordance with TDCJ policy requiring that only one issue be raised per grievance, only the first issue raised, concerning a lack of hot water in his cell, received a response. The Step Two appeal of this grievance was provided after the lawsuit was filed. Covarrubias complained of heat and inadequate ventilation in grievance no. 2014140970, but this grievance was prepared after the lawsuit was filed.

Warden Berger argued in his motion for summary judgment that under the Fifth Circuit's strict exhaustion standard, neither a grievance which is rejected as untimely nor completion of the grievance procedure after the lawsuit is filed serve to exhaust administrative remedies.

In his response, Covarrubias argued: (1) he exhausted his administrative remedies prior to filing his amended complaint; (2) his grievance was not untimely because it concerned an on-going problem; (3) the Defendants have had ample opportunity to address the problem; and (4) the court has discretion to determine that the two-day gap between the filing of his lawsuit and the return of his Step Two grievance is inconsequential or that the claim was exhausted upon the filing of the amended complaint.

## II. The Magistrate Judge's Report

Upon review of the pleadings and the summary judgment evidence, the Magistrate Judge issued a Report stating that prisoners are required to exhaust administrative remedies before filing suit and that prisoners must comply with all administrative deadlines and procedural rules, including the time deadlines. District courts have no discretion to excuse a prisoner's failure to properly exhaust the grievance procedure before filing suit.

The Magistrate Judge stated that Covarrubias' untimely grievance did not serve to exhaust administrative remedies and that the grievance process for his other complaints was not completed until after the lawsuit was filed. An amended complaint will not typically cure the failure to exhaust administrative remedies prior to initially filing suit. The Magistrate Judge therefore recommended that Warden Berger's motion for summary judgment be granted and this claim dismissed.

**III. Covarrubias' Objections**

In his objections, Covarrubias contends that he was not timely notified of an extension of time to respond to grievance no. 2013172973. He states that the rejection of his grievance as untimely was improper because the grievance described a situation that transpired within the grievable time period. He contends that he was on 11 Building, exposed to excessive heat from July 11 to August 12, 2013, and filed his grievance on August 22, 2013, within the 15-day deadline for filing grievances.

Covarrubias' grievance reads in pertinent part as follows: "For many months now Administration has been using 11 Building, Transient, PHD [pre-hearing detention] and solitary cells to house close custody overflow. It was during one of these 30-day stays that I experienced and observed this predicament." Although the grievance form instructs prisoners to "state who, what, when, where, and the disciplinary case number if appropriate," Covarrubias' grievance says nothing about dates or gives any indication of when Covarrubias was allegedly exposed to the condition complained of; it particularly does not state that Covarrubias had just recently been released from the building. Covarrubias has failed to show that his grievance was improperly rejected as untimely when every indication from the face of the grievance showed that it was in fact untimely. This objection is without merit. *See also Gomez v. Hill*, 87 F.App'x 374, 2004 U.S. App. LEXIS 2540, 2004 WL 298564 (5th Cir., February 17, 2004) (rejecting claim that prisoner should be excused from the exhaustion requirement because the denial of his grievance as untimely was erroneous).

Next, Covarrubias states that he received a notice of extension on October 7, 2013, for grievance no. 2013172973, but the due date for return of the Step Two grievance was September 26, 2013. He states that "Berger failed to properly request and notify of an extension and Plaintiff was entitled to rely on this failure in proceeding to the next step - a 42 U.S.C. §1983 complaint."

3

The notice of extension to which Covarrubias points is dated September 20, 2013 (docket no. 1-2, p. 9). A hand-written note at the top appears to read "rec'd 10-7/13," although the date appears to have been written over something else.

Even assuming that Covarrubias is correct, and that the grievance response was due on September 26, 2013 and he received the notice of extension until October 7, this nonetheless does not excuse the exhaustion requirement. Covarrubias signed his lawsuit on October 9, 2013, meaning that he already had notice of the extension at the time he filed the lawsuit. The Fifth Circuit has stated:

> [D]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

At the time Covarrubias signed his lawsuit, he was aware that the process for this grievance was still on-going. He failed to comply with the mandatory requirement of pre-filing exhaustion. His objection on this point is without merit.

Third, Covarrubias argues that his amended complaint is a "filing of a complaint" for exhaustion purposes. He contends that his amended complaint is an "entirely new document - the functional equivalent of filing a new complaint." The Fifth Circuit has upheld a district court's dismissal of claims in an amended complaint which were not exhausted at the time of the filing of the original complaint. *Rankin v. Pearson*, 612 F.App'x 204, 2015 U.S. App. LEXIS 7378 (5th Cir., May 4, 2015). This comports with the holding in *Gonzalez* that pre-filing exhaustion is mandatory. Under Covarrubias' interpretation, prisoners could freely file suit prior to exhausting administrative remedies and amend their complaints as their claims became exhausted. This is plainly contrary to *Gonzalez* and to the Supreme Court's explanation in *Woodford v. Ngo*, 548 U.S. 81, 89, 126 S.Ct. 2378, 165 L.Ed.2d (2006) that exhaustion serves the purposes of allowing agencies to correct their

4

own mistakes prior to coming to court and permitting resolution in a quicker and more economic fashion than litigation in federal court. Covarrubias' objections are without merit.

**IV. Severance**

This lawsuit currently contains three claims that are wholly unrelated and which name different defendants. Fed. R. Civ. P. 18 allows a plaintiff to join either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Rule 20, Fed. R. Civ. P., allows the joinder of several parties if the claims arose out of a single transaction and contain a question of fact or law common to all defendants.

Covarrubias' claims do not share common defendants and did not arise out of a single transaction; in fact, they are wholly unrelated. As such, they are properly pursued in separate lawsuits. *See, e.g.*, *Nelson v. Francis*, civil action no. 2:02cv347, 2003 WL 21766528 (N.D.Tex., July 29, 2003) (severing lawsuit consisting of unrelated claims into seven separate cases); *Francis v. 422nd District Court of Fannin County*, civil action no. 3:05cv199,. 2–5 WL 544207 (N.D.Tex., March 7, 2005) (severing unrelated claim into new lawsuit). As such, Covarrubias' claims should be severed into separate lawsuits. It is accordingly

**ORDERED** that the above-styled civil action is **SEVERED** into three separate lawsuits, encompassing each of the three named Defendants remaining in the case. Cause no. 6:13cv812 shall consist of the heat claim against Warden Berger, the case which is the primary subject of this Order. The remaining two cases shall receive numbers as designated by the Clerk. The amended complaint (docket no. 39) shall be the operative pleading in each of the new cases. It is further

**ORDERED** that upon a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected, in accordance with 28 U.S.C. §636(b)(1), the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 86) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendant's motion for summary judgment (docket no. 74) is **GRANTED** and the above-styled civil action, no. 6:13cv812, is **DISMISSED WITH PREJUDICE**

for purposes of proceeding *in forma pauperis*. The dismissal of this lawsuit shall have no effect upon the severed claims and does not in any way serve to dismiss the Plaintiff's claims against Warden Foxworth or Brenda Mapps. It is further

**ORDERED** that any motions which may be pending in cause no. 6:13cv812, and only in cause no. 6:13cv812, are hereby **DENIED**. This does not affect the pending motion for summary judgment by Warden Foxworth regarding the claim of sleep deprivation. This motion shall be transferred to the new case in which Warden Foxworth is a defendant and shall remain pending in that case. Finally, it is

**ORDERED** that under the unique circumstances of this case, the filing fees shall be waived for the new cases.

**So ORDERED and SIGNED this 29th day of March, 2017.**

Ron Clark, United States District Judge